UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARTISTS RIGHTS SOCIETY, INC.,

   *Plaintiff*,

vs.

LA LIGNE, LLC,

   *Defendant*.

Civil Action No.

**JURY TRIAL DEMANDED**

## COMPLAINT

1. This is an action for an injunction, damages, and other appropriate relief arising out of violations of the Copyright Act, 17 U.S.C. § 101, *et seq.* and the Lanham Act, 15 U.S.C. § 1125.

2. Plaintiff Artists Rights Society, Inc. ("ARS") ARS alleges the following in support of its claims and causes of action for copyright infringement and false endorsement against Defendant La Ligne, LLC ("Defendant"):

## INTRODUCTION

3. This case involves the unauthorized commercial use by the Defendant of iconic works of art painted by one of the most highly regarded Surrealist artists in the world.

4. René Magritte was an internationally renowned painter whose works have been displayed in galleries all over the world. He is considered one of the most important painters of the Surrealist movement, having painted some of the most iconic images of the twentieth century. Among his most famous paintings are *Decalcomania*, *La Reconnaissance Infinie*, *The False Mirror*, and *Le Beau Monde* (collectively the "Works").

5. Defendant blatantly used all four of the Works in an advertisement for a sweater. Under the images of the misappropriated Works appears the caption "The Nuage Maxi Sweater and the works of René Magritte," creating the false impression that the images of the Works

1

were properly licensed for use in the advertisement or that Defendant was somehow affiliated with Magritte and/or his representatives, including ARS.

6. Defendant's actions infringe ARS's exclusive rights in the Works; create a likelihood of confusion arising out of false endorsement; and cause irreparable harm to the value of the Works.

## JURISDICTION AND VENUE

7. This court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 in that the claims herein arise under federal copyright and trademark law (17 U.S.C. 101 *et seq.*, 15 U.S.C. § 1125).

8. This Court has personal jurisdiction over the Defendant because, on information and belief, Defendant is a Delaware LLC with its principal place of business at 996 Madison Avenue, New York, NY 10075, and it is licensed to conduct business in New York and does conduct business in New York, both in connection with the facts giving rise to this lawsuit and during the general course of its affairs. Further, the infringing advertisement was sent to subscribers of the email list La Ligne for the brand La Ligne NYC.

9. This district is the proper venue for this action pursuant to 28 U.S.C. § 1391(b), because the Defendant resides here, is subject to personal jurisdiction in this district, and because the actions giving rise to this complaint took place in this district.

10. Three of the Works, *Decalcomania*, *La Reconnaissance Infinie*, and *Le Beau Monde* (the "Belgian Works"), were created in Belgium and are subject to Belgian and U.S. copyright law. The fourth Work, *The False Mirror* (the "French Work"), was created in France and is subject to French and U.S. copyright law.

11. The copyrights in the Belgian Works have remained valid in Belgium since the Works were created and will expire in 2037, seventy years after the death of the author in 1967. The copyright in the French Work is likewise valid and will also expire in 2037.

12. The Works were copyrightable in the United States under the Copyright Act of 1909 because they are original pictorial works, *i.e.*, paintings.

13. On information and belief, the Works were published without proper notice and became public domain works in the United States due to noncompliance with copyright formalities required by the Copyright Act of 1909.

14. Magritte was a citizen and resident of Belgium, a nation adhering to the Berne Convention. Because the Works are not United States Works as defined in 17 U.S.C. § 101, the United States copyrights in the Works were restored on January 1, 1996 pursuant to the provisions of 17 U.S.C. § 104A(h)(2)(A) and vested in the Magritte Estate pursuant to 17 U.S.C. § 104A(b), the legal and/or beneficial owner of the copyright, who then authorized ARS to act on its behalf.

15. ARS, as discussed below, maintains exclusive rights under the Copyright Act, 17 U.S.C. § 106, pertaining to the Works, including the right to reproduce and distribute reproductions of the Works and to authorize others to do so.

16. ARS also has a valid copyright interest in the Works under the Uruguay Round Agreements Act which amended the copyright law to restore U.S. copyright to foreign works in the public domain in the U.S. but protected by copyright law in their countries of origin.

## THE PARTIES

17. ARS is the United States representatives of the worldwide intellectual property rights of more than 120,000 artists and artist estates, including René Magritte. ARS is the exclusive

United States representative for the reproduction rights of Magritte works, including the Works at issue here, and with respect to uses of Magritte's name and likeness in connection therewith. ARS was granted such exclusive rights by the rightful heirs of Magritte (the "Magritte Estate").

18. René Magritte was one of the most celebrated Surrealist painters in the world.

19. Magritte studied art at the Académie Royale des Beaux-Arts in Brussels, and later moved to Paris where he became involved with the Surrealist art movement. He quickly became an important member of the movement and exhibited his work alongside other movement leaders such as Salvador Dalí, Pablo Picasso, and Max Ernst.

20. Magritte's work has been exhibited in galleries around the world, including The MET, MoMA, The Royal Museums of Fine Arts of Belgium, SFMOMA, Museo Nacional Thyssen-Bornemisza, the Salvador Dalí Museum, Cattedrale dell'Immagine a Santo Stefano al Ponte, The Art Institute of Chicago, The Albertina Museum Vienna, and The Guggenheim.

21. Defendant is a New York City-based clothing design company with stores located at 996 Madison Avenue, New York, NY 10075 and 26C Highland Park Village, Dallas, TX 75205.

## FACTUAL BACKGROUND

*The Works*

22. The Works at issue include the following.

**"Decalcomania":** an original work of visual art (oil paint on canvas) created by Magritte in Belgium.



**"La Reconnaissance Infinie":** an original work of visual art (oil paint on canvas) created by Magritte in Belgium.



**"The False Mirror":** an original work of visual art (oil on canvas) created by Magritte in Paris.



**"Le Beau Monde":** an original work of visual art (oil on canvas) created by Magritte in Belgium.



23. Each of the Works displays Magritte's signature style: dreamlike visuals that frequently include motifs of curtains, colorful apples, cloudy blue skies, and most famously, men in bowler hats. These repeating elements set his work apart and make it instantly recognizable.

24. Magritte's goal was to depict the time between sleeping and waking by painting ordinary objects in surreal environments and unusual colors, thereby linking the conscious and unconscious worlds together. The repeating motifs throughout his work give the impression of having a similar dream over and over.

25. Notably, Magritte had a long career in advertising which informed much of his style. His work is immediately visually appealing and draws the viewer in, in the same way that advertisements catch the eye of consumers. ARS, as the Magritte Estate's licensing representative, has licensed Magritte's work for use in advertisements for clothing in the past, making Defendant's infringing activities particularly harmful.

*Defendant's Infringing Actions*

26. Defendant, without permission from ARS, created an advertisement featuring a collage of the four Magritte Works referenced above and interspersed images of models wearing Defendant's advertised sweater. Defendant acknowledges below the images of the works, which appear one after another in a GIF in Defendant's advertisement, that the Works were painted by Magritte.

The Defendant's advertisement appears as follows:

**Fig. 1: Screen Captures of Defendant's Advertisement**






The Nuage Maxi Sweater and the works of René Magritte.


The Nuage Maxi Sweater and the works of René Magritte.



The Nuage Maxi Sweater and the works of René Magritte.



The Nuage Maxi Sweater and the works of René Magritte.

27. Defendant has engaged in unauthorized use of the four Works as well as Magritte's name. ARS contacted Defendant multiple times by email and through a letter from the undersigned counsel, but Defendant has refused to respond or otherwise cooperating in ceasing its infringing activity.

28. Upon information and belief, Defendant has derived significant financial benefit from using the Works and Magritte's name in its advertising.

29. Because the Works were reproduced and distributed without permission, ARS has lost licensing fees from Defendant and other revenues from the Works, and Defendant has unlawfully obtained a financial advantage by free riding on the Works' popularity and recognizability, and the value of the Magritte name.

## COUNT I
## Copyright Infringement in Violation of 17 U.S.C. §§ 101, *et seq.*

30. ARS realleges and incorporates by reference each and every allegation contained in each of the preceding paragraphs of the Complaint with the same force and effect as is fully set forth at length herein.

31. The Works are paintings and are original works of authorship and constitute copyrightable subject matter as visual or pictorial works under the laws of the United States.

32. ARS has duly complied in all respects with the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq.* and has secured exclusive rights and privileges in and to the Copyrighted Works, including with respect to the restoration of the copyrights in the Works.

33. At all times relevant to the Complaint, ARS has been the sole and exclusive United States representative of the Magritte Estate authorized to grant licenses for the reproduction rights of the Works, including, among other things, to license and authorize the commercial

reproduction and distribution of the Works and reproductions thereof, including in advertisements.

34. Defendant has reproduced and distributed the Works without the consent or authority of ARS, thereby directly infringing ARS's exclusive rights.

35. Defendant admitted to copying the Works by acknowledging that the Works were painted by Magritte in the caption below the image of the Works in the advertisement.

36. Defendant has access to the Works, which are available on the Magritte Gallery website and elsewhere across the internet including on the websites of galleries which have displayed Magritte's work. Defendant clearly had to access the Works in order to copy images of the Works to be included in the advertisement.

37. Defendant deliberately infringed ARS's copyrights in the Works by using reproductions of the Works in an advertisement, and by distributing such unlawful reproductions, without ARS's permission in violation of 17 U.S.C. § 106 and continued to do so after several warnings from ARS and ARS's counsel.

38. The infringement of ARS's rights in and to each of the Works constitutes a separate and distinct act of infringement.

39. Defendant's acts have caused and will continue to cause irreparable harm and injury to ARS for which ARS has no adequate remedy at law, and accordingly ARS is entitled to an injunction along with damages in an amount to be determined at trial.

**COUNT II**
**False Endorsement in Violation of 15 U.S.C. § 1125(a)**

40. ARS realleges and incorporates by reference each and every allegation contained in each of the preceding paragraphs of the Complaint with the same force and effect as is fully set forth at length herein.

41. Defendant willfully and without authorization used Magritte's name for commercial and advertising purposes in its advertisement.

42. Defendant's unauthorized use of Magritte's name constitutes a false or misleading representation of fact to falsely imply the endorsement of Defendant's business by Magritte and/or the Magritte Estate (and ARS by extension), and/or to falsely convey an affiliation between Defendant and Magritte and/or the Magritte Estate (and ARS by extension).

43. Defendant's unauthorized use of the Magritte name in connection with its advertisements featuring the Works is likely to confuse and deceive consumers as to the sponsorship or endorsement by Magritte or the Magritte Estate (and ARS by extension) of Defendant's business or an affiliation between Defendant and Magritte or the Magritte Estate (and ARS by extension).

44. Defendant's use of the Magritte name implies that Defendant sought permission to use the Magritte name, which will lead consumers to believe that Magritte and/or the Magritte Estate (and ARS by extension) are associated or affiliated with Defendant or sponsors or endorses Defendant's business.

45. ARS has standing to enforce these rights as the exclusive United States agent authorized to license Magritte's name rights in connection with its ability to grant licenses for reproduction of the Works, as granted to ARS by the Magritte Estate.

46. As a direct and proximate result of the act of false endorsement and false affiliation set forth above, ARS has suffered actual damages in an amount to be proven at trial, including with respect to lost licensing revenue and reputational harm.

47. ARS is entitled to the full range of relief available under the Lanham Act, 15 U.S.C. § 1117, including injunctive relief and an award of actual damages and any of Defendant's profits arising from Defendant's false or misleading acts.

## JURY TRIAL DEMANDED

ARS requests a trial by jury on all issues so triable of right pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, ARS respectfully demands:

A. That the Court find that Defendant infringed the copyrights in the Works and violated ARS's exclusive rights as set forth above;

B. That the Court issue an injunction providing that, pursuant to 17 U.S.C. § 502, Defendant, its agents, employees, representatives, partners, joint venturers, and/or anyone acting on behalf of, or in concert with, Defendant, jointly and severally, be enjoined through the world during pendency of this action and permanently thereafter from reproducing, selling, offering, for sale, promoting, advertising, distributing, and/or commercially exploiting in any manner, either directly or indirectly, the Works or identical copies or substantially similar versions thereof;

C. That the Court issue an order requiring an accounting of all profits obtained by Defendant from use of the Works in connection with the advertisement and otherwise, and an order that Defendant hold all such profits in a constructive trust for the benefit of ARS;

D. That the Court issue an order requiring Defendant to pay to ARS such damages and profits attributable to the infringements of the Works by Defendant in an amount to be proven at trial;

E. That the Court rule that Defendant has engaged in false endorsement and false affiliation under the Lanham Act for the unauthorized use of the Magritte name in commercial advertising;

F. That the Court award all appropriate damages under 15 U.S.C. § 1117, including actual damages and profits, and issue a preliminary and permanent injunction prohibiting Defendant from continuing to use the Magritte name for commercial or advertising purposes and ordering Defendant to immediately cease and desist, delete, or remove any such prior or existing infringing uses;

G. That the Court award prejudgment interest on all damages awarded by this Court; and

H. That the Court award such other further relief as the Court deems just and proper.

Dated: New York, New York  
November 16, 2021

Cowan, DeBaets, Abrahams & Sheppard LLP

/s/Scott J. Sholder  
Scott J. Sholder  
41 Madison Avenue, 38th Floor  
New York, New York 10010  
Tel.: (212) 974-7474  
Fax: (212) 974-8474  
ssholder@cdas.com

*Attorneys for Plaintiff Artists Rights Society, Inc.*